# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH STOCKE, et al.,

      Plaintiffs,

v.

SHUFFLE MASTER, INC. , et al.,

      Defendants.

Case No. 2:07-CV-00715-KJD-RJJ

**ORDER**

On August 1, 2007, the Court ordered that three pending cases against Defendants Shuffle Master, Inc. ("Shuffle Master"), and two Shuffle Master officers, be consolidated under case number 2:07-CV-00715.[1]

Currently before the Court are several Motions for Selection of Lead Plaintiff and Counsel. Specifically, on August 3, 2007, Plaintiff, the Retirement and Relief System of the City of Birmingham ("the Birmingham Retirement System"), filed a Motion for Approval of their Selection of Counsel and Consolidation of Related Cases (#15).  Also on August 3, 2007, Counsel for Plaintiff, Joseph Stocke, filed a Motion for Appointment as Lead Plaintiff and for Approval of Lead Counsel and Liaison Counsel (#19).  Also on August 3, 2007, Plaintiffs, Institutional Investors of Tulsa Municipal Employees' Retirement Plan ("Tulsa"),  and Oklahoma Firefighters Pension and Retirement System ("Oklahoma") (together referred to as "Shuffle Master Institutional Investor Group"), filed a Motion and Memorandum in Support of their Motion to be Appointed Lead Plaintiff and for Approval of their Selection of Lead Counsel (#s 20, 21).  On August 21, 2007, Shuffle

---

[1]The three Shuffle Master actions that were consolidated are Stocke v. Shuffle Master, Inc. et al., 07-CV-00715-KJD-RJJ, Arminstead v. Shuffle Master, Inc. et al., 07-CV-00768-BES-PAL, and Tempel v. Shuffle Master, Inc. et al. 07-CV-00834-KJD-PAL.

Master Institutional Investor Group filed a Motion in Further Support of their Motion to be Appointed Lead Plaintiff and Approval of their Selection of Lead Counsel (#33).  On August 21, 2007, Plaintiff Birmingham Retirement System filed a document (#34) admitting that it does not appear to have the largest financial interest in the relief sought, yet maintaining its willingness to serve as lead plaintiff in this action should other parties be found inadequate.

## II. Discussion

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), establishes the procedure for appointment of lead plaintiff in private actions arising under the Exchange Act when brought by a class action plaintiff. 15 U.S.C § 78u-4(a)(1) and (a)(3)(b)(ii).  First, the plaintiff who files the initial action must appropriately publish notice to the class within 20 days after filing the action, informing purported class members of their right to file a motion for appointment of lead plaintiff.   15 U.S.C § 78u-4(a)(3)(A) and (B).  Within 60 days after publication of that notice, any person who is a member of the proposed class may apply to the Court to be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(i)(II).

Second, the PSLRA provides that within 90 days after publication of notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C § 78u-4(a)(3)(A)(B).  In determining the "most adequate plaintiff" the PSLRA provides:

> The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

2

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See also In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002).

**III. Analysis**

All motions to be appointed lead plaintiff now pending before the Court were timely filed in response to the statutory notice of the action.  Upon examination of the various motions, and for the reasons listed herein, the Court finds the Shuffle Master Institutional Investor Group to be the most adequate plaintiff.

Plaintiff Shuffle Master Investor Group has demonstrated that it has the largest financial interest in the relief sought against the named Defendants.  According to the documents before the Court, Plaintiff Shuffle Master Investor Group suffered a financial loss of $1,408,746.[2]  According to the Motions filed by the Birmingham Retirement System and Joseph Stock, the Birmingham Retirement System suffered a financial loss of approximately $529,466.60, and Joseph Stocke suffered a financial loss of approximately $12,565.  Therefore, under the PSLRA, the Shuffle Master Institutional Investor Group has the largest financial interest in the relief sought by the class, and is presumptively the most adequate plaintiff, so long as it satisfies the requirements of Fed. R. Civ. P. 23(a).

Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative so long as the following four requirements are satisfied:

    (1) the class is so numerous that joinder of all members is impracticable,
    (2) there are questions of law of fact common to the class,
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
    (4) the representative parties will fairly and adequately protect the interests of the class

---

[2] Specifically, Plaintiff Shuffle Master Investor Group consists of the City of Tulsa Municipal Employees' Retirement Plan, and the Oklahoma Firefighters Pension and Retirement System.  Allegedly, the City of Tulsa Municipal Employees' Retirement Plan suffered a loss of approximately $275,026 and the Oklahoma Firefighters Pension and Retirement System suffered a loss of approximately $1,133,720.  Together, the parties suffered a financial loss of $1,408,746.

3

1    Particularly,  to be appointed lead plaintiff, a party must show that it satisfies the

2  requirements of  typicality and adequacy of representation, as failure to satisfy the numerosity and

3  commonality criteria, (1) and (2) respectively, "would preclude certifying a class action at all."  In re

4  Cavanaugh, 306 F.3d at 730 n. 5.

5    **A. Typicality**

6     To satisfy the typicality requirement, a plaintiff must demonstrate that he has suffered the

7  same or similar injury as the absent class members as a result of the same course of conduct by the

8  defendant.  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).  To meet the typicality

9  requirement, it is not requisite that the representative plaintiff's claims be identical with those of

10  absent class members,  but instead, the claims need only be "reasonably co-extensive" with those of

11  absent class members.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9thCir.  1998).

12    Here, Shuffle Master Institutional Investor Group has demonstrated that its claims arise from

13  the same course of conduct from which the claims of all other class members arise.  Namely, all

14  parties claim that Defendants published and disseminated material misstatements concerning Shuffle

15  Master's profitability and financial conditions; and that Plaintiffs relied on said misstatements when

16  they purchased Shuffle Master stock.   Furthermore, all class members' claims surround damages

17  suffered as a result of artificial inflation of stock prices due to Defendants' alleged wrongdoings, and

18  allegations that Defendants committed violations of Sections 10(b) and 20(a) of the Exchange Act.

19  Additionally, Shuffle Master Institutional Investor Group raises no unique or special defenses that

20  threaten to become the focus of the litigation.

21    **B. Adequate Representation**

22    The determination of adequate representation focuses around two questions: (1) whether the

23  interests of the class representative coincide with those of the class, and (2) whether the class

24  representative has the ability to prosecute the action vigorously.  See Armour v. Network Associates,

25  Inc., 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001); see also Local Joint Executive Bd. Of

26

4

Culinary/Bartender Trust Fund v. Las Vegas, 224 F.3d 1152, 1162 (9th Cir. 2001) (holding that a determination of  adequate representation depends on the qualifications of counsel, and the unlikelihood that the suit is collusive).

Here, Shuffle Master Institutional Investor Group's interests are the same as those of other class members.  Namely it seeks to hold Defendants liable for alleged violations of federal securities laws.  Furthermore, the Court finds no evidence that Shuffle Master Institutional Investor Group has any conflict of interest with any other class member, or does not have the resources or sophistication to prosecute this action vigorously on behalf of all class members.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiff Shuffle Master Institutional Investor Group's Motion to be Appointed Lead Plaintiff and for Approval of their Selection of Lead Counsel (# 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Birmingham Retirement System's Motion for Approval of their Selection of Counsel and Consolidation of related Cases (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Joseph Stocke's Motion for Appointment as Lead Plaintiff and for Approval of Lead Counsel and Liaison Counsel (#19) is **DENIED**.

DATED this 29th day of November, 2007.

Kent J. Dawson
United States District Judge

5