

1   Richard A. Wright (Nev. Bar No. 0886)
    Margaret M. Stanish (Nev. Bar No. 4057)
2   WRIGHT, STANISH & WINCKLER
    300 South Fourth Street, Suite 701
3   Las Vegas, Nevada 89101
    Tel: (702) 382-4004
4

5   Jay W. Eisenhofer
    Keith M. Fleischman
6   John C. Kairis
    GRANT & EISENHOFER P.A.
7   485 Lexington Avenue, 29th Floor
    New York, NY 10017
8   Tel:  (646) 722-8500

9

10  *Counsel for Lead Plaintiffs City of Tulsa Municipal
    Employees' Retirement Plan and Oklahoma Firefighters
11  Pension and Retirement System and the Proposed Class*

                **UNITED STATES DISTRICT COURT**
12
                    **DISTRICT OF NEVADA**
13

14                                          )
                                            )
15                                          )
                                            )
16  *In Re Shuffle Master, Inc. Securities Litigation*   )   No. 2:07-cv-00715-KJD-RJJ
                                            )
17                                          )   **CLASS ACTION**
                                            )
18                                          )
                                            )
19                                          )
    _____)
20

21          __CLASS ACTION STIPULATION OF SETTLEMENT__
22

23

24

25

26

27

28

This Class Action Stipulation of Settlement ("Settlement Agreement") is entered into by and among the Settling Parties (as defined herein) by and through their undersigned attorneys of record. This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release and settle the Released Claims (as defined herein) as against the Released Parties (as defined herein).

**1.** **Definitions**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1 "Action" shall mean *In re Shuffle Master, Inc. Securities Litigation, No. 2:07-cv-00175-KJD-RJJ*, currently pending in the United States District Court for the District of Nevada.

1.2 "Authorized Claimant" means a member of the Class ("Class Member") who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.3 "CAFA Notice" means a notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1711 et seq. ("CAFA"), to be served upon the appropriate State official of each State and the Attorney General of the United States.

1.4 "Claims Administrator" means the firm of Gilardi & Co., LLC, which shall administer the Settlement.

1.5 "Class" shall mean all persons or entities that purchased or acquired the common stock of Shuffle Master, Inc. ("Shuffle Master") between and including February 1, 2006 and March 12, 2007 (the "Class Period"). Excluded from the Class are the Defendants, the officers, directors and partners of Shuffle Master, members of the Defendants' immediate families and their legal representatives, heirs, successors and assigns, and any entity in which any of the foregoing have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

1.6 "Class Counsel" shall mean Grant & Eisenhofer P.A.

1.7 "Class Notice" shall mean a notice of the proposed Settlement to be provided to members of the Class, substantially in the form attached hereto as Exhibit 1 to Exhibit A.

1       1.8     "Confidentiality Agreement" shall mean the Stipulation and Protective Order

2 issued by the Court on July 23, 2009.

3       1.9     "Court" shall mean the United States District Court for the District of Nevada.

4       1.10    "Defendants" shall mean Shuffle Master, Mark Yoseloff ("Yoseloff") and

5 Richard L. Baldwin ("Baldwin").

6       1.11    "Defendants' Counsel" shall mean Paul, Hastings, Janofsky & Walker LLP.

7       1.12    "Escrow Agent" shall mean the firm of Grant & Eisenhofer P.A.

8       1.13    "Final" shall mean that the period for any appeals or petitions for certiorari

9 ("Appeal Proceeding") has expired without the initiation of an Appeal Proceeding, or, if an

10 Appeal Proceeding has been timely initiated, that there has occurred a full and final disposition

11 of any such Appeal Proceeding without a reversal or any material modification, including the

12 exhaustion of proceedings in any remand and/or subsequent appeal after remand.

13 Notwithstanding any other provision herein, the Final Order (defined herein) shall be deemed

14 Final at the time set forth in the preceding sentence even if, at that time, (i) the Court has not yet

15 entered an order regarding the Plan of Allocation or the award of legal fees and expenses to

16 Class Counsel, (ii) an order regarding the Plan of Allocation or the award of legal fees and

17 expenses to Class Counsel has been entered but has not yet become Final, or (iii) an order

18 regarding the Plan of Allocation or the award of legal fees and expenses to Class Counsel has

19 been entered but is modified following an Appeal Proceeding.

20       1.14    "Final Order" shall mean the order of the Court, a proposed form of which is

21 attached as Exhibit B, which shall approve the Settlement, including the release of all Released

22 Claims against all Released Parties, pursuant to Fed. R. Civ. P. 54(b).

23       1.15    "Lead Plaintiffs" shall mean the City of Tulsa Municipal Employees Retirement

24 Plan and the Oklahoma Firefighters Pension and Retirement System.

25       1.16    "Plan of Allocation" shall mean the plan approved by the Court for allocating the

26 proceeds of the Settlement Fund among members of the Class.

27

28

1.17  "Preliminary Approval Order" shall mean an order, the proposed form of which is attached hereto as Exhibit A, preliminarily approving the Settlement and approving Class Notice and a plan for distributing the Class Notice.

1.18  "Proof of Claim" shall mean the document provided to members of the Class, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which must be submitted by Class Members along with supporting documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon (or such documents or proof as the Claims Administrator in its discretion may deem acceptable), in order to establish their eligibility to participate in the distribution of the Settlement Fund.

1.19  "Released Claims" shall mean any and all claims, (including all actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity) of any nature whatsoever under federal or state law, relating to the purchase or acquisition of Shuffle Master common stock during the Class Period and/or the acts, facts, statements or omissions that were or could have been asserted in the Action by the Lead Plaintiffs or any other member of the Class against any of the Released Parties (defined herein), but not covering the two pending derivative cases: (1) *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Mark L. Yoseloff, et al.*, Case No. 2-07-CV-01215-KJD-LRL in the United States District Court for the District of Nevada; and (2) *Gerald Denham v. Mark L. Yoseloff, et al.*, Case No. A-09-603275-C in the Eighth Judicial District Court, Clark County, Nevada.  The Released Claims shall include Unknown Claims, as defined below in Section 1.27.

1.20  "Released Defendants' Claims" shall mean any and all claims (including all actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity) of any nature whatsoever under federal or state law, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, other Class Members, or their attorneys, which arise

1  out of the institution, prosecution, or settlement of the Action (except for claims to enforce the

2  terms and conditions of the Settlement Agreement).

3      1.21  "Released Parties" shall mean the Lead Plaintiffs, the Defendants, and their

4  respective affiliates, agents, employees, officers, directors, subsidiaries, parents, attorneys,

5  representatives, advisors, heirs, executors, estates, administrators, predecessors-in-interest,

6  successors-in-interest, assigns, insurers, accountants, investment advisors, or anyone acting on

7  any of their behalf.

8      1.22  "Settlement" shall mean the settlement to be consummated under this Settlement

9  Agreement pursuant to the Final Order.

10     1.23  "Settlement Amount" shall have the meaning set forth in Section 2.1 below.

11  "Settlement Fund" shall mean the principal amount of the Settlement Amount plus any accrued

12  interest.

13     1.24  "Settling Parties" shall mean Lead Plaintiffs, the Class and Defendants.

14     1.25  "Settlement Fund Account" shall mean the account that the Escrow Agent shall

15  establish at a federally insured financial institution and into which the Settlement Amount shall

16  be deposited.

17     1.26  "Summary Notice" shall mean the summary notice of proposed Settlement and

18  hearing for publication, substantially in the form attached as Exhibit 3 to Exhibit A.

19     1.27  "Unknown Claims" shall mean any and all Released Claims which any of the

20  Lead Plaintiffs or other Class Members do not know or suspect to exist in his, her or its favor at

21  the time the releases called for in this agreement are granted, and any Released Defendants'

22  Claims which any Defendant does not know or suspect to exist in his favor at the time the

23  releases called for in this agreement are granted, which if known by him, her or it might have

24  affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all

25  Released Claims and Released Defendants' Claims, the Lead Plaintiffs and the Defendants

26  stipulate and agree that  upon entry of the Final Order, the Lead Plaintiffs and Defendants shall

27  expressly waive, and each Class Member shall be deemed to have, and by operation of the Final

28  Order shall have, expressly waived any and all provisions, rights and benefits conferred by any

1  law of any state or territory of the United States, or principle of common law, which is similar,

2  comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

3  > A general release does not extend to claims which the creditor does not know or
   > suspect to exist in his or her favor at the time of executing the release, which if known
4  > by him or her must have materially affected his or her settlement with the debtor.

5  Lead Plaintiffs and Defendants in the Action, and other Class Members by operation of law shall

6  be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

7  Released Claims and Released Defendants' Claims was separately bargained for and was a key

8  element of the Settlement.

9  **2.**     **Consideration and Releases**

10       2.1     Not later than ten (10) business days after Defendants' insurers are provided by

11  Class Counsel with a copy of the entered Preliminary Approval Order, the tax identification

12  number for the Settlement Fund Account and pertinent wiring instructions, Defendants' insurers

13  shall pay $13,000,000 (the "Settlement Amount"), to the Settlement Fund Account.

14       2.2     Effective upon the entry of the Final Order by the Court, Lead Plaintiffs on behalf

15  of themselves and on behalf of the Class absolutely and unconditionally release and forever

16  discharge the Defendants and the other Released Parties from the Released Claims, except that

17  the release shall not include claims relating to the obligations set forth in this Settlement

18  Agreement.

19       2.3     Effective upon the entry of the Final Order by the Court, Defendants and their

20  agents absolutely and unconditionally release and forever discharge the Lead Plaintiffs, other

21  Class Members, or their attorneys from the Released Defendants' Claims, except that the release

22  shall not include claims relating to the obligations set forth in this Settlement Agreement.

23       2.4     Lead Plaintiffs covenant and agree on their own behalf, and on behalf of the

24  Class: (i) not to file against any of the Released Parties any claim based on, related to, or arising

25  from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a

26  complete defense to any such claims against any of the Released Parties.  Effective upon the

27  entry of the Final Order by the Court, all claims against Defendants and the other Released

28  Parties sounding in contribution or equitable indemnification or arising out of, or relating to, any

acts, facts, statements or omissions that were or could have been asserted in the Action by the Lead Plaintiffs or any other member of the Class against any of the Released Parties, in connection with the purchase or acquisition of Shuffle Master common stock during the Class Period, are hereby forever barred, enjoined and/or discharged pursuant to, *inter alia*, 15 U.S.C. §78u-4(f)(7) and as a settlement made in "good faith" pursuant to any and all applicable laws.

2.5     Defendants covenant and agree: (i) not to file against Lead Plaintiffs or any Class Member any claim based on, related to, or arising from any Released Defendants' Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such Claims against any of the Lead Plaintiffs or any Class Member.

**3.     Approval of the Settlement by the Court**

The Settlement Agreement shall be Final when each of the following conditions has been satisfied (or waived in a signed writing as provided in Section 10.5 below):

3.1     Defendants' insurers shall have made the payment Section 2.1 above.

3.2     Defendants have not exercised their option to terminate the Settlement Agreement pursuant to Section 9.2 below.

3.3     The Settlement Agreement shall have been finally approved by the Court.  Lead Plaintiffs shall move the Court for an order and judgment approving this Settlement Agreement under the terms contemplated herein.  Lead Plaintiffs and Defendants shall cooperate in good faith, including by taking all steps and efforts contemplated by this Settlement Agreement and any other steps or efforts which may become necessary by order of the Court (unless such order materially modifies the terms of this Settlement Agreement), to carry out this Settlement Agreement, including the following:

3.3.1   As soon as reasonably possible upon the full execution of this Settlement Agreement by Lead Plaintiffs and Defendants, Plaintiffs will file a motion with the Court for an order preliminarily approving the Settlement, *i.e.*, the Preliminary Approval Order, in the form attached hereto as Exhibit A;

3.3.2   Upon filing the motion for the Preliminary Approval Order, Lead Plaintiffs will also request a stay of the Action pending the Court's decision on the motion.

3.3.3   On the date and in the manner set by the Court in its Preliminary Approval Order, the Lead Plaintiffs shall cause the Class Notice to be transmitted in the form and manner approved by the Court as directed in the Preliminary Approval Order and the Summary Notice to be published in the form and manner approved by the Court as directed in the Preliminary Approval Order.

3.3.4   It is acknowledged by the Settling Parties that on or after the date set by the Court for the final Fairness Hearing, the Court will determine: (i) whether to enter the Final Order approving the Settlement Agreement; (ii) whether the distribution of the Settlement Amount as provided in the Plan of Allocation should be approved; and (iii) the amount of attorneys' fees and reimbursements of costs and expenses to be awarded to Class Counsel from the Settlement Fund.

3.3.5   Within ten (10) business days following the Court's entry of the Preliminary Approval Order and pursuant thereto, Defendants shall cause to be served upon the appropriate State official of each State and the Attorney General of the United States the CAFA Notice substantially in the form of Exhibit C hereto.   The Claims Administrator shall fulfill the CAFA notice requirements.

3.4   The Court enters the Final Order, substantially in the form attached hereto as Exhibit B, or the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement under Section 9 below.

3.5   The Final Order or an Alternative Judgment becomes Final under Section 1.13 above.

4.   **Settlement Administration and Distribution**

4.1   The Escrow Agent shall establish at a federally-insured financial institution mutually acceptable to Defendants and their insurers ("Financial Institution") the Settlement

1    Fund Account which shall be considered a common fund created in connection with the Action.

2    All funds held by the Escrow Agent in the Settlement Fund Account pursuant to this Settlement

3    Agreement shall be invested only in government securities and shall be deemed and considered

4    to be in the legal custody of the Court until such time as such funds shall be distributed pursuant

5    to further order(s) of the Court or pursuant to the terms of this Settlement.

6          4.2    The Settlement Fund Account, net of any Taxes (as defined in Section 4.4) on the

7    income thereof, shall be used to pay (i) the costs of notice and administration for the Settlement

8    referred to in Section 4.5 below, (ii) the attorneys' fee and expense award referred to in Section

9    5.1 below, and (iii) the remaining administration expenses referred to in Section 4.11 below.

10   The balance of the Settlement Fund Account shall be the "Net Settlement Fund Account." The

11   Net Settlement Fund Account shall be distributed to the Authorized Claimants as provided in

12   Sections 4.7-4.9 below.   The Escrow Agent shall invest any funds held in escrow in the

13   Settlement Fund Account only in United States Treasury securities and/or securities of United

14   States agencies backed by the full faith and credit of the United States Treasury, or mutual funds

15   or money market accounts that invest exclusively in the foregoing securities. The Escrow Agent

16   may retain up to $400,000 of the Settlement Fund in a bank account at the Financial Institution

17   for the purposes of paying reasonable expenses associated with the administration of the

18   Settlement, with any funds not used to pay reasonable expenses to be either (1) distributed in

19   accordance with this Settlement Agreement if the Settlement Agreement becomes final, or (2)

20   returned to Defendants' insurers if the Settlement Agreement is terminated.

21         4.3    The Settling Parties agree that the Settlement Fund Account is intended to be a

22   Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that the

23   Claims Administrator shall be the "administrator" of the Settlement Fund Account within the

24   meaning of Treasury Regulation §1.468B-2(k)(3), and shall be responsible for filing tax returns

25   for the Settlement Fund Account and paying from the Settlement Fund Account any Taxes owed

26   with respect to the Settlement Fund Account. The parties hereto agree that the Settlement Fund

27   Account shall all be treated as a Qualified Settlement Fund from the earliest date possible, and

28   agree to any relation-back election required to treat the Settlement Fund Account as a Qualified

Settlement Fund from the earliest date possible. Class Counsel shall prepare for the Defendants and/or their insurers to review, execute and provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e). From the Settlement Fund, the Escrow Agent shall provide for, timely pay, and indemnify each of the Released Parties for, all Taxes imposed on the income earned by the Settlement Fund. Without limiting the foregoing, from the Settlement Fund, the Escrow Agent shall reimburse Defendants or their insurers within 10 days of written demand for any such Taxes to the extent they are imposed on Defendants or their insurers for a period during which the Settlement Fund does not qualify as a "qualified settlement fund." All amounts payable pursuant to this paragraph shall be paid from the Settlement Fund without prior order from the Court.

4.4     All (i) taxes on the income of the Settlement Fund Account and (ii) expenses and costs reasonably incurred in connection with the taxation of the Settlement Fund Account (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Settlement Fund Account, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

4.5     The Escrow Agent shall direct the Financial Institution in writing to disburse from the Settlement Fund Account, without further approval from the Defendants, amounts for the payment of the reasonable costs and expenses, up to $200,000 associated with identifying members of the Class and effectuating mailing of the Class Notice and publication of the Summary Notice, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Class Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. If the Settlement Agreement is terminated for any reason, or the Final Order is not approved or entered, the Escrow Agent shall have no obligation to reimburse to the Settlement Fund Account the costs of the Class Notice, or other costs or expenses of the Settlement Fund charged to the Settlement Fund.

1   4.6   The Claims Administrator shall administer the Settlement subject to the

2   jurisdiction of the Court.  Defendants and their insurers and counsel shall have no responsibility

3   for the administration of the Settlement and shall have no liability to the Class in connection with

4   such administration.  Defendants and their insurers and counsel shall have no responsibility for

5   any Taxes (as defined in Section 4.4).  Defendants and their counsel shall cooperate in the

6   administration of the Settlement to the extent reasonably necessary to effectuate its terms,

7   including undertaking reasonable efforts to cooperate in the production of information with

8   respect to the identification of Class Members from Shuffle Master's shareholder transfer

9   records.

10   4.7   Class Counsel shall propose to the Court, and the Court shall approve in its

11   discretion, a Plan of Allocation that shall provide for the allocation of the Settlement Fund.  The

12   Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net

13   Settlement Fund Account based upon each Authorized Claimant's Recognized Loss (as

14   described in the Plan of Allocation set forth in the Class Notice annexed hereto as Exhibit 1 to

15   Exhibit A, or in such other Plan of Allocation as the Court approves).

16   4.8   The Plan of Allocation proposed in the Class Notice is not a necessary term of

17   this Settlement, and it is not a condition of this Settlement Agreement that any particular Plan of

18   Allocation be approved.

19   4.9   Each Authorized Claimant shall be allocated a *pro rata* share of the Net

20   Settlement Fund Account based on his or her Recognized Loss compared to the total Recognized

21   Losses of all accepted claimants.  This is not a claims-made settlement.  The entire Net

22   Settlement Fund Account shall be distributed to the Authorized Claimants and/or distributed as

23   set forth in this Settlement Agreement and as approved by the Court.  Defendants shall not be

24   entitled to get back any of the settlement monies once the Settlement becomes Final.

25   Defendants shall have no involvement in reviewing or challenging claims.

26   4.10   Any member of the Class who does not submit a valid Proof of Claim will not be

27   entitled to receive any of the proceeds from the Net Settlement Fund Account but will otherwise

28   be bound by all of the terms of this Settlement Agreement and the Settlement, including the

1   terms of the Final Order to be entered in the Action and the releases provided for herein, and will

2   be barred from bringing any action against the Released Parties concerning the Released Claims.

3         4.11    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for an

4   order (the "Class Distribution Order") approving the Claims Administrator's administrative

5   determinations concerning the acceptance and rejection of the Proofs of Claim submitted herein

6   and approving any fees and expenses not previously applied for, including the fees and expenses

7   of the Claims Administrator, and, if the Settlement is Final, directing payment of the Net

8   Settlement Fund Account to Authorized Claimants.

9         4.12    The Claims Administrator shall process the Proofs of Claim and, after entry of the

10   Class Distribution Order, distribute the Net Settlement Fund Account to the Authorized

11   Claimants.  Except for the obligations to pay the Settlement Amount, and to exercise reasonable

12   efforts to cooperate in the production of information with respect to the identification of Class

13   Members from Shuffle Master's shareholder transfer records, Defendants shall have no liability,

14   obligation or responsibility for the administration of the Settlement or disbursement of the Net

15   Settlement Fund Account.  Class Counsel shall have the right, but not the obligation, to advise

16   the Claims Administrator to waive what Class Counsel deem to be formal or technical defects in

17   any Proofs of Claim submitted in the interests of achieving substantial justice.

18         4.13    For purposes of determining the extent, if any, to which a Class Member shall be

19   entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

20         4.13.1 Each Class Member shall be required to submit a Proof of Claim

21         supported by such documents as are designated therein, including proof of the

22         transactions claimed and the losses incurred thereon, or such other documents or proof as

23         the Claims Administrator, in its discretion, may deem acceptable;

24         4.13.2 All Proofs of Claim must be submitted by the date specified in the Notice,

25         unless such period is extended by Order of the Court.  Any Class Member who fails to

26         submit a Proof of Claim by such date shall be forever barred from receiving any payment

27         pursuant to this Settlement (unless, by Order of the Court, a later submitted Proof of

28         Claim by such Class Member is approved), but shall in all other respects be bound by all

of the terms of this Settlement, including the terms of the Final Order to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

4.13.3 Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Settlement and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Section 4.13.5 below;

4.13.4 Proofs of Claim that do not meet the submission requirements may be rejected.   Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proof of Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of Section 4.13.5 below;

4.13.5 If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in Section 4.13.4 above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, the Claims Administrator will notify Class Counsel and, upon receipt of notification, Class Counsel will present the request for review to the Court; and

4.13.6 The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

4.14 Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.15 Payment pursuant to this Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund Account, but otherwise shall be bound by all of the terms of this Settlement Agreement and the Settlement, including the terms of the Final Order to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

4.16 All proceedings with respect to the administration, processing and determination of claims described by Section 4.13 of this Settlement Agreement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

4.17 The Net Settlement Fund Account shall be distributed to Authorized Claimants by the Claims Administrator only after the Settlement is Final and after: (i) all Proofs of Claim have been processed, and all claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Proofs of Claim have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

1   4.18   If any funds remain in the Net Settlement Fund by reason of uncashed checks, or

2   otherwise, after the Claims Administrator has made reasonable and diligent efforts to have

3   Authorized Claimants who are entitled to participate in the distribution of the Net Settlement

4   Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six

5   (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts

6   mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but

7   otherwise valid and fully documented claims received after the cut-off date used to make the

8   initial distribution, which were not previously authorized by the Court to be paid, provided that

9   such distributions to any late post-distribution claimants meet all of the other criteria for

10   inclusion in the initial distribution, including the $10.00 minimum check amount set out in the

11   Notice, and (ii) second, to pay any additional settlement administration fees and expenses,

12   including those of Class Counsel as may be approved by the Court.   Finally, any balance

13   remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall

14   be re-distributed to Class Members who have cashed their initial distributions and who would

15   receive at least $25.00 from such re-distribution, after payment of any unpaid costs or fees

16   incurred in administering the Net Settlement Fund for such re-distribution.   If six (6) months

17   after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance

18   shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated one-

19   half by Class Counsel and one-half by Shuffle Master.

20   **5.   Attorneys' Fees and Expenses**

21   5.1   Concurrently with the request for final approval of the Settlement, Class Counsel

22   shall apply to the Court for an award from the Settlement Fund of attorneys' fees not to exceed

23   18% of the Settlement Amount, and, separate and apart from the attorneys' fees, compensation

24   for out of pocket expenses from the Settlement Fund.   None of the Defendants will take any

25   position on any such application for attorneys' fees or for out of pocket expenses other than to

26   affirmatively acknowledge that the efforts of Class Counsel, including the filing of the

27   Complaint and other efforts in prosecuting this Action, and the presentation of certain facts and

28   arguments during settlement discussions, contributed materially to the Defendants' agreement to

1   pay the Settlement Amount to the Class.  Immediately upon final approval of the Settlement and

2   an award of attorneys' fees and expenses by the Court, Class Counsel shall receive payment of

3   such award from the Settlement Fund, notwithstanding the existence of any timely filed

4   objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any

5   part thereof.  If, for any reason, the award of attorneys' fees or costs is reduced or reversed; the

6   award order does not become final; the Settlement is voided by any party as provided herein; or

7   the Settlement is later reversed or modified by any court, then, within ten (10) days of any notice

8   in writing from the Defendants, Class Counsel shall return to the Settlement Fund any amounts

9   received for attorneys' fees and costs (not including amounts paid pursuant to paragraphs 4.4 and

10  4.5 herein), together with interest at the rate paid by the financial institution holding the Escrow

11  Account. For purposes of this provision, Class Counsel and each of its partners and members

12  shall be jointly and severally liable for any obligation to return such funds to the Settlement

13  Fund. Class Counsel and each of its partners and members consents to the jurisdiction of this

14  Court for purposes of enforcing this provision.  Class Counsel shall allocate the attorneys' fees

15  and costs among all the counsel representing Lead Plaintiffs in a manner in which they in good

16  faith believe reflects the contributions of such counsel to the prosecution and settlement of the

17  Action, and Defendants shall have no liability with respect to such allocation.

18        5.2     The proceedings related to Class Counsel's application for attorneys' fees and

19  expenses are not part of the Settlement.  Any order or proceedings relating to the fee and expense

20  applications, or any appeal from any order relating thereto or reversal or modification thereof,

21  shall not operate to alter, terminate or cancel the Settlement Agreement, or affect or delay the

22  finality of the Final Order approving the Settlement Agreement.

23

24

25

26

27

28

**6.   Representations and Warranties**

6.1    Lead Plaintiffs and Defendants represent and warrant that they have conducted certain discovery and have diligently prepared for trial pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations between their counsel, with the assistance of an experienced mediator; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own respective counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof.  Each of the Settling Parties assumes the risk of mistake as to facts or law.

6.2.    Each person executing this Settlement Agreement on behalf of any other person does hereby personally represent and warrant that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

**7.   Lead Plaintiffs' Claims and the Benefits of Settlement**

Lead Plaintiffs believe that the claims asserted in the Action have merit.  Lead Plaintiffs and Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through motion practice, trial, and potential appeals.  Class Counsel also have taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation.  Class Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.  Class Counsel believe that the Settlement set forth in this Settlement Agreement confers substantial benefits upon the Class in light of the risks inherent in proceeding with the litigation.  Lead Plaintiffs and Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class.

**8.   No Admission of Liability/Denial of Liability**

8.1    Defendants deny each and all of the claims and contentions alleged against them in the Action, and deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  While retaining their right to continue to deny that the claims advanced in the Action were meritorious, Defendants, in any statement made to any media representative (whether or not for attribution), will not deny that the Action was filed in good faith and is being settled voluntarily after consultation with competent legal counsel.  The Final Order will contain a statement that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8.2    It is expressly understood by all Settling Parties that neither this Settlement Agreement nor any of the negotiations, transactions, or proceedings connected in any way with this Settlement Agreement shall be construed or deemed to be evidence of any liability, any wrongdoing, or an admission on the part of any of the Settling Parties hereto or their representatives, whether or not alleged in the Action; nor shall this Settlement Agreement or any negotiations, transactions, or proceedings connected in any way with this Settlement Agreement or with any claim or dispute between any of the Settling Parties hereto be offered or received in evidence in any proceeding to prove any liability, any wrongdoing, or an admission on the part of any party hereto or for any other purpose; provided, however, that nothing herein shall prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce any or all of the terms of this Settlement Agreement.

**9.   Termination of the Settlement Agreement**

9.1    This Settlement Agreement may be terminated if (a) the Court declines to enter the Final Order, or (b) the Final Order or an Alternative Judgment entered by the Court is reversed or modified in any material respect on appeal, provided that the terminating party,

1   within ten (10) business days from the date of such event, furnishes written notice to Class

2   Counsel or Defendants' Counsel, as the case may be, of the termination of this Settlement,

3   specifying the terms modified or not approved that give rise to the right to  terminate.  Neither a

4   modification by the Court, nor a reversal on appeal, of any order relating to the Plan of

5   Allocation shall be deemed to be a modification of a material part of this Settlement so as to

6   trigger the option to terminate the Settlement Agreement as provided for in this Section.  The

7   amount(s) of any award of attorneys' fees, costs, and expenses is intended to be considered by

8   the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

9   of the Settlement.  No order of the Court or modification or reversal or appeal of any order of the

10  Court concerning the amount(s) of any attorneys' fees, costs, or expenses awarded by the Court

11  to Class Counsel shall affect whether the Final Order is Final or constitute grounds for

12  cancellation or termination of this Settlement Agreement.

13          9.2     This Settlement Agreement may also be terminated if prior to the Settlement

14  Hearing the aggregate number of shares of Shuffle Master, Inc. common stock purchased or

15  acquired during the Class Period by persons or entities who would otherwise be members of the

16  Class, but who request exclusion from the Class, exceeds the sum specified in a separate

17  supplemental agreement between the Parties (the "Supplemental Agreement") and if Defendants

18  have, in their sole and absolute discretion, exercised their option to terminate this Settlement

19  Agreement in accordance with the procedures set forth in the Supplemental Agreement.  The

20  Supplemental Agreement will not be filed with the Court unless required by the Court or unless

21  and until a dispute arises between the Parties concerning its interpretation or application.  Copies

22  of all requests for exclusion received, together with copies of all written revocations of requests

23  for exclusion, shall be delivered to counsel for Defendants by Class Counsel and/or the Claims

24  Administrator within three (3) business days of their receipt thereof.

25          9.3     The Settling Parties may terminate the Settlement Agreement if the Court makes

26  any material modifications to the terms of the Settlement

27          9.4     If the Settlement Agreement is terminated, the following shall occur:

28

CLASS ACTION STIPULATION OF SETTLEMENT  19

9.4.1   Class Counsel and Defendants' Counsel shall within ten (10) business days after the date of termination of the Settlement Agreement jointly notify the Financial Institution in writing to return to Defendants' insurers the amount contributed by them to the Settlement Fund, with all net income earned thereon, after deduction of the amount reasonably disbursed or reasonably incurred for the Class Notice or other expenses set forth in this Settlement Agreement, and to effect such return within ten (10) business days.

9.4.2   The Action shall for all purposes with respect to the Settling Parties revert to its status as of the day immediately before the date of execution of this Settlement Agreement.

9.4.3   All provisions of this Settlement Agreement shall be null and void except as otherwise provided herein.

9.4.4   The terms and provisions of the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

**10.   Miscellaneous Provisions**

10.1   If a case is commenced in respect of any Defendant contributing to the Settlement Amount (or any insurer contributing funds to the Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and a court of competent jurisdiction enters a final order determining the transfer of money to the Settlement Fund Account or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund Account by others, then, at the election of Class Counsel, the Settling Parties shall jointly move the Court to terminate the Settlement Agreement, vacate and set aside the releases given and judgment entered in favor of the Defendants pursuant to this Settlement Agreement, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of the day immediately before the date of execution of this Settlement

1  Agreement and any cash amounts in the Settlement Fund Account shall be returned as provided

2  in Section 9.4 above.

3       10.2  This Settlement Agreement is made under the laws of the State of Nevada,

4  constitutes the entire agreement of the Settling Parties with respect to the matters referred to

5  herein, and may not be modified except by a writing signed by each of the Settling Parties.

6  Following entry of the Final Order, the Settlement Agreement may be modified or amended

7  only by written agreement signed on behalf of all Settling Parties, and approved by the Court.

8       10.3  This Settlement Agreement may be executed in counterparts, each of which shall

9  be deemed an original, but all of which taken together shall constitute one and the same

10  instrument.

11       10.4  Nothing in this Settlement Agreement, or the negotiations relating thereto, is intended

12  to be or shall be deemed to constitute a waiver of any applicable privilege or immunity, including,

13  without limitation, attorney-client privilege or work product immunity.

14       10.5  The provisions of this Settlement Agreement, and each of them, may be waived

15  only by an instrument in writing executed by the waiving party.  The waiver by any party of any

16  provision or breach of this Settlement Agreement shall not be deemed to be or construed as a

17  waiver of any other provision or breach, whether prior, subsequent, or contemporaneous, of this

18  Settlement Agreement.

19       10.6  The Settling Parties (a) acknowledge that it is their intent to consummate the

20  Settlement and (b) agree to exercise their best efforts and to act in good faith to cooperate to the

21  extent necessary to effectuate and implement all terms and conditions of this Settlement

22  Agreement and to accomplish the foregoing terms and conditions of the Settlement Agreement.

23  The Settling Parties intend the Settlement to be a final and complete resolution of all disputes

24  asserted or which could be asserted by the Class against the Released Parties with respect to the

25  Released Claims.  Accordingly, Lead Plaintiffs and Defendants agree not to assert in any forum

26  that the litigation was brought by Lead Plaintiffs or defended by the Defendants in bad faith or

27  without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11

28  of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the

1  Action.  The parties agree that the amount paid and the other terms of the Settlement were

2  negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached

3  voluntarily after consultation with experienced legal counsel.

4      10.7   This  Settlement  Agreement  constitutes  the  entire  agreement  among  the

5  undersigned Settling Parties and no representations, warranties or inducements have been made

6  to any party concerning this Settlement Agreement, other than the representations, warranties,

7  and covenants contained and memorialized in this Settlement Agreement.

8      10.8   The Settling Parties agree to abide by the terms of the Confidentiality Agreement

9  in all respects.

10      IN  WITNESS  WHEREOF,  the  Settling  Parties,  by  their  respective  attorneys,  have

11  executed and delivered this Agreement on January 31, 2010.

12

13  Jay W. Eisenhofer             William F. Sullivan

14  Keith M. Fleischman         Joshua G. Hamilton
   Hung Ta                     PAUL, HASTINGS, JANOFSKY

15  GRANT & EISENHOFER P.A.      & WALKER LLP
   485 Lexington Avenue, 29th Floor  515 South Flower Street

16  New York, NY 10017           Twenty-Fifth Floor
                         Los Angeles, CA 90071-2228

17        -and-

18  John C. Kairis              Peter M. Stone
   Ralph N. Sianni           PAUL, HASTINGS, JANOFSKY

19  GRANT & EISENHOFER P.A.      & WALKER LLP
   1201 North Market Street     1117 S. California Avenue

20  Wilmington, DE 19801        Palo Alto, CA 94304-1106

21  *Class Counsel to Lead Plaintiffs and the*  Kirk B. Lenhard (Nev. Bar No. 1437)
   *Proposed Class*            JONES VARGAS

22                           3773 Howard Hughes Parkway
   Richard A. Wright (Nev. Bar No. 0886)  Third Floor

23  Margaret M. Stanish (Nev. Bar No. 4057)  Las Vegas, NV 89169
   WRIGHT, STANISH & WINCKLER

24  300 South Fourth Street, Suite 701   *Attorneys for Defendants Shuffle Master, Inc.,*
   Las Vegas, Nevada 89101      *Mark L. Yoseloff and Richard L. Baldwin*

25

26  *Local Counsel to Plaintiffs and the Proposed*
   *Class*

27

28