Richard A. Wright (Nev. Bar No. 0886)
Margaret M. Stanish (Nev. Bar No. 4057)
WRIGHT, STANISH & WINCKLER
300 South Fourth Street, Suite 701
Las Vegas, Nevada 89101
Tel: (702) 382-4004

Jay W. Eisenhofer
Keith M. Fleischman
John C. Kairis
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel:  (646) 722-8500

*Counsel for Lead Plaintiffs City of Tulsa Municipal
Employees' Retirement Plan and Oklahoma Firefighters
Pension and Retirement System and the Proposed Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| *In Re Shuffle Master, Inc. Securities Litigation* | ) ) ) ) )No. 2:07-cv-00715-KJD-RJJ ) ) ) **CLASS ACTION** ) ) ) |

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT, ESTABLISHING NOTICE PROCEDURES AND PROVIDING NOTICE OF FINAL FAIRNESS HEARING

1    Presented to the Court for preliminary approval is a settlement of this Action as against

2    all Defendants.  The terms of the Settlement are set forth in the Class Action Stipulation of

3    Settlement, together with the Exhibits thereto (the "Settlement Agreement").

4    Having reviewed and considered the Settlement Agreement, the Court makes the

5    findings and grants the relief set forth below, preliminarily approving the Settlement contained

6    in the Settlement Agreement upon the terms and conditions set forth in this Order.  Terms and

7    phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

8    **NOW, THEREFORE, IT IS HEREBY ORDERED:**

9    1.    Preliminarily and for purposes of this Settlement, the Court certifies this Action

10   as a class action, pursuant to Fed. R. Civ. P. 23(a) on behalf of all persons or entities that

11   purchased or acquired common stock of Shuffle Master. Inc. ("Shuffle Master") between and

12   including February 1, 2006 and March 12, 2007 ("the Class").  Excluded from the Class are the

13   Defendants, the officers, directors, and partners of Shuffle Master, members of the immediate

14   families of the foregoing and their legal representatives, heirs, successors and assigns, any

15   entity which any of the foregoing have or had a controlling interest.  Also excluded is anyone

16   who requests exclusion from the Class in a timely and proper manner, as hereinafter provided.

17   2.    The Court preliminarily finds that (i) the proposed Settlement resulted from

18   extensive arm's-length negotiations and mediation with a retired federal judge, (ii) the

19   Settlement Agreement was executed only after Class Counsel had conducted reasonable

20   discovery, (iii) Class Counsel have concluded that the Settlement Agreement is fair, reasonable

21   and adequate, and (iv) the Settlement evidenced by the Settlement Agreement is sufficiently

22   fair, reasonable and adequate to warrant sending notice of Settlement to the Class.

23   3.    A hearing is scheduled for ___May 4___, 2010 (the "Fairness Hearing") to ⌒ at 9:00 AM

24   determine, among other things:

25   a.    Whether the Settlement is fair, reasonable and adequate and should be

26   approved;

27

28

[PROPOSED] ORDER OF PRELIMINARY
APPROVAL OF SETTLEMENT          2

b.      Whether the Final Order as provided under the Settlement Agreement should be entered, dismissing the litigation with prejudice as against the Defendants, and to determine whether the release by the Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Parties;

c.      Whether the Plan of Allocation is fair and reasonable and should be approved; and

d.      Whether the application for attorneys' fees and expenses filed by Class Counsel should be approved.

e.      Such other matters as may properly come before the Court

4.      The Court has been presented with a proposed form of Class Notice, which is appended hereto as Exhibit 1.  With respect to such form of Class Notice, the Court finds that such form comports with due process as it fairly and adequately (i) describes the terms and effect of the Settlement Agreement and of the Settlement, (ii) notifies the Class concerning the proposed Plan of Allocation, (iii) notifies the Class that Class Counsel will seek an award of attorneys' fees not to exceed 18 percent of the Settlement Amount and for a separate reimbursement of costs of litigation to be paid out of the Settlement Fund not to exceed $700,000, (iv) gives notice to the Class of the time and place of the Fairness Hearing, and (v) describes how the recipients of the Class Notice may exclude themselves from the Class or object to any of the relief requested.  Additionally, the Court finds that the form and content of the Class Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.   Accordingly, the Court approves the form, substance and requirements of the Class Notice.

5.     The Court approves the form, substance and requirements of the Proof of Claim, attached hereto as Exhibit 2.

6.     The Court approves the form and content of the Summary Notice annexed hereto as Exhibit 3 and directs that Class Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and to be transmitted over the National Circuit of *Business Wire* within ten days of the mailing of the Class Notice.  Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

7.     The Court approves, as to form and content, the Notice of Settlement to Federal and/or State Officials attached as Exhibit C to the Settlement Agreement ("CAFA Notice"), and finds that such notification(s) fully apprises the appropriate officials of the proposed Settlement, and fully complies with the applicable requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711 et seq.  Within ten (10) business days following the entry of this Order, Defendants, via the Claims Administrator, shall cause the CAFA Notice, along with the accompanying materials, to be served upon the appropriate State Official of each State and the Attorney General of the United States.  For purposes of compliance with CAFA, the Claims Administrator shall be permitted to compile all of the relevant documents into a single compact disc for delivery to the Federal or State Officials.  Plaintiffs, Defendants and the Claims Administrator shall have no duty to supplement this CAFA Notice.

8.     The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.  The Claims Administrator shall cause the Class Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within ten (10) business days of the entry of this Order, to all Class Members who can be identified with reasonable effort.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Shuffle Master common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) days of their receipt of the Class Notice, (a) to provide the Claims Administrator with lists of the names and

addresses of the beneficial owners, and the Claims Administrator is ordered to send the Class Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Class Notice and Proof of Claim from the Claims Administrator and, within seven (7) days of receipt of the copies of the Class Notices and Proof of Claim forms from the Claims Administrator, to mail the Class Notice and Proof of Claim to the beneficial owners.  Nominee purchasers who elect to send the Class Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Class Notice and Proof of Claim shall be made available to any record holder requesting these documents for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Class Notices and Proofs of Claim to beneficial owners. Class Counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Class Notice and Proof of Claim.

9.    In order to be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

a.    A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Class Notice, postmarked not later than thirty (30) days after the date of the Fairness Hearing.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

b.      The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.      As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Settlement Agreement.

10.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form by first class mail to the address designated in the Class Notice postmarked no later than fourteen (14) days before the date of the Fairness Hearing.  Such request for exclusion shall clearly indicate the name, address, Social Security Number or taxpayer identification number, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the In re Shuffle Master, Inc. Securities Litigation, and must be signed by such person.  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of shares of all purchases and sales of Shuffle Master common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

11.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement and Class Notice.

12.     Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses may file an objection. An objector must file with the Court a statement of his or her objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law to Class Counsel and to Defendants' Counsel as specified in the Class Notice by no later than fourteen (14) days before the date of the Fairness Hearing.  If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel set forth in the Class Notice and file it with the Court by no later than twenty-one (21) days before the date of the Fairness Hearing.  Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

13.     Any objector who files and serves a timely, written objection in accordance with paragraph 12 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a Notice of Intention to Appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' Counsel as specified in the Class Notice and file it with the Court by no later than twenty-one (21) days before the date of the Fairness Hearing.  Any objector who

does not timely file and serve a Notice of Intention to Appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

14.     As provided in the Settlement Agreement, the reasonable expenses associated with giving notice to the Class may be paid from the Settlement Fund without further order of the Court.  The contents of the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.  There shall be no distribution of the Net Settlement Fund to Class Members who filed valid Proofs of Claim until a plan of allocation is finally approved and is affirmed on appeal or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal or review has expired.

15.     Class Counsel and Defendants' Counsel and the Claims Administrator shall promptly furnish each other with copies of any and all objections or requests for exclusion that come into their possession.

16.     All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court.

17.     Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal against any of the Released Parties.

18.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties, or (ii) is or may be deemed to be, or may be used as an admission of,

or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

19.     In the event the Court does not grant final approval of the Settlement Agreement or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms (i) the Settling Parties shall be restored to their respective positions in the Litigation, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

20.     The Court may, for good cause, extend any deadlines set forth in this Order without further notice to Class Members.  The Court likewise may adjourn or continue the Fairness Hearing or any adjournment or continuance thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice to Class Members.

21.     The Court authorizes the payment out of the Settlement Fund of the taxes, expenses and costs described in paragraphs 4.4 and 4.5 of the Settlement Agreement.

22.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED.

_____
Honorable Kent J. Dawson
United States District Court Judge

Dated: ___February 4,_____, 2010