Richard A. Wright (Nev. Bar No. 0886)
Margaret M. Stanish (Nev. Bar No. 4057)
WRIGHT, STANISH & WINCKLER
300 South Fourth Street, Suite 701
Las Vegas, NV  89101
Tel:  (702) 382-4004

Jay W. Eisenhofer
Keith M. Fleischman
John C. Kairis
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Tel:  (646) 722-8500

*Counsel for Lead Plaintiffs City of Tulsa Municipal Employees' Retirement Plan and Oklahoma Firefighters Pension and Retirement System and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In Re Shuffle Master, Inc. Securities Litigation* | No. 2:07-cv-00715-KJD-RJJ |

**ORDER AUTHORIZING INITIAL DISTRIBUTION
OF THE NET SETTLEMENT FUND**

WHEREAS, by its Order and Final Judgment dated June 9, 2010, this Court approved the terms of the Class Action Stipulation of Settlement dated January 31, 2010 (the "Settlement Agreement") and the plan of allocation for distributing the settlement proceeds to members of the Class (the "Plan of Allocation"); and

WHEREAS, the Court has directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

1    WHEREAS, the $13 million cash settlement proceeds have been deposited by Shuffle
2    Master an interest-bearing account established by Class Counsel on behalf of the Class (the
3    "Settlement Fund"); and

4    WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action and
5    Hearing (the "Notice"), the deadline for Class members to submit Proof of Claim and Release
6    forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was
7    June 3, 2010; and

8    WHEREAS, pursuant to Class Counsel's instruction, Gilardi & Co., LLC, the claims
9    administrator for the Settlement ("Gilardi" or the "Claims Administrator"), has continued to
10   process Proofs of Claim received through the date of this filing; and

11   WHEREAS, in satisfaction of due process requirements, all Class members who filed
12   claims that were in any way ineligible or deficient were: (1) informed that their claims were
13   ineligible or deficient; and (2) given opportunity to correct any deficiency prior to their claims
14   being finally rejected, or to contest the determination as to the deficiency, by requesting a
15   review by the Court; and

16   WHEREAS, Gilardi has completed the process of reviewing all Proofs of Claim it
17   received prior to the June 3, 2010 deadline, as well as more than 130 claims postmarked after
18   the deadline; and

19   WHEREAS, Class Counsel now seeks authorization to make an initial distribution of
20   the funds remaining in the Settlement Fund after payment of taxes, attorneys' fees and
21   administrative expenses approved  by the Court (the "Net Settlement Fund"); and

22   WHEREAS, this Court has retained jurisdiction of this action for the purpose of
23   considering any further application or matter which may arise in connection with the
24   administration and execution of the Settlement and the processing of the Proofs of Claim and
25   the distribution of the Net Settlement Fund to authorized claimants;

26   NOW THEREFORE, upon consideration of Lead Plaintiffs' Motion for Initial
27   Distribution of the Net Settlement Fund, including (i) the Affidavit of Lara McDermott (of
28   Gilardi) in Support of Motion for Distribution of Class Settlement Fund; and (ii) the

1  Declaration of Keith M. Fleischman in Support of Lead Plaintiffs' Motion for Initial
2  Distribution of the Net Settlement Fund; and upon all prior proceedings heretofore had herein,
3  and after due deliberation, it is hereby

4  ORDERED, that the administrative determinations of Gilardi accepting and rejecting
5  certain claims under the Court-approved Plan of Allocation, as indicated in the Affidavit of
6  Lara McDermott, are hereby approved; the Net Settlement Fund shall be distributed to Class
7  members whose Proofs of Claim have been accepted; Gilardi shall continue to work with and
8  attempt to resolve any disputed claims; and Gilardi's fees and expenses as set forth in the
9  Affidavit of Lara McDermott are hereby approved; and it is further

10  ORDERED, that, as stated in the Settlement Agreement, any balance remaining in the
11  Net Settlement Fund six months after the initial distribution shall be used (i) first, to pay any
12  amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any
13  late, but otherwise valid and fully documented claims received after the cut-off date used to
14  make the initial distribution, which were not previously authorized by the Court to be paid,
15  provided that such distributions to any late post-distribution claimants meet all of the other
16  criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set
17  out in the Notice, and (ii) second, to pay any additional settlement administration fees and
18  expenses, including those of Class Counsel as may be approved by the Court.  Finally, any
19  balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such
20  funds shall be re-distributed to Class Members who have cashed their initial distributions and
21  who would receive at least $25.00 from such re-distribution, after payment of any unpaid costs
22  or fees incurred in administering the Net Settlement Fund for such re-distribution.  If six (6)
23  months after such re-distribution any funds shall remain in the Net Settlement Fund, then such
24  balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s)
25  designated one-half by Class Counsel and one-half by Shuffle Master.

It is so ordered this 24th day of January, 2011.

_____
Honorable Kent J. Dawson
United States District Court Judge

3